## HAZEL KING v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

June 22, 1934.

No. 29,939.

[1]Reported in 255 N. W. 626.

164

*Ossanna, Hall & Hoaglund* and *Charles E. Carlson,* for appellant.
*Ralph T. Boardman* and *John F. Dulebohn,* for respondent.

*HOLT, Justice.*

Plaintiff appeals from the order denying her a new trial. The action was for damages on account of personal injuries received when plaintiff was a passenger on one of the street cars operated by defendant in the city of Minneapolis, the car being derailed by defendant's alleged negligence. A verdict of $1,000 was given plaintiff. The motion for a new trial was based on the ground that the amount of the verdict was not justified by the evidence and was inadequate. Before hearing the motion plaintiff moved to amend it by adding the additional ground of newly discovered evidence. The court denied the motion to amend and also the motion for a new trial. Error is assigned upon the action of the court on each motion.

There was no error in refusing the motion for a new trial to be amended by adding the additional ground of newly discovered evidence. The motion was based on the affidavit of Dr. Evans, one of plaintiff's physicians, stating that he has definitely concluded that the operation, which he testified at the trial might become necessary, should now be performed upon plaintiff. It is plain that this does not come within the definition of newly discovered evidence. The doctor had fully described to the jury the nature of the operation which he deemed might be needed to effect a cure. The proffered testimony of an operation was therefore known before the trial. The doctor's present opinion or conclusion was more in the nature of cumulative testimony than newly discovered. And even if the doctor's present conclusion be considered newly discovered evidence, it was well within judicial discretion to deny the motion. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7125, and cases thereunder cited.

That the evidence does not justify the amount of the verdict and that it is therefore inadequate presents the only other assignment of error. There would be merit in the assignment were there no other evidence than that of plaintiff and her witnesses. But the jury had the testimony and opinion of three medical men of as outstanding learning, experience, and reputation as those who testified for plaintiff, to the effect that plaintiff does not suffer from any sacroiliac injury—the only injury testified to by plaintiff's medical experts; that if anything at all is the matter with plaintiff it is her state of mind and is not due to any physical injury received from the derailment of the street car. We also think the jury, in considering the position of plaintiff and the circumstances connected with the alleged accident, had a basis for coming to the conclusion that her medical witnesses were mistaken in their diagnosis of a sacroiliac sprain or strain resulting to plaintiff from the jolt of the street car. It appeared that about midnight on March 4, 1932, plaintiff and her husband boarded a Como-Harriet street car of defendant going east toward Xerxes avenue south, where other street car tracks join or intersect. They were the only passengers and took the second cross seat from the front on the right-hand side of the car, plaintiff being seated next to the window. As the car passed over the switch where the Xerxes avenue line joins, the forward truck derailed toward the north track. It ran thus some 20 or 25 feet before stopping. The front truck wheels running on the ground or ties caused bumping. Plaintiff got excited and stood up. She testified she was thrown back onto the seat by the bumping with such force that the lower part of her left hip or thigh got black and blue therefrom. She simply sat down hard on the seat. She was not thrown down on the floor. It is difficult for anyone to conceive of an injury to the sacroiliac joint from an accident happening in the manner claimed by plaintiff. From the circumstances under which the injury was received, the jury had more reason to conclude that the medical experts of defendant were nearer right as to the extent of the injury than were plaintiff and her doctors and medical experts. If this be true, there is no basis for holding the verdict inadequate.

The order is affirmed.